SEYFARTH SHAW LLP
Timothy L. Hix (SBN 184372)
thix@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

SEYFARTH SHAW LLP
Bailey K. Bifoss (SBN 278392)
bbifoss@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Niles A. Pierson (SBN 307115)
npierson@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
CGI FEDERAL INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| MANUEL GONZALEZ, on behalf of other similarly situated employees of Defendants,<br><br>Plaintiffs,<br><br>v.<br><br>CGI FEDERAL INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 25CU064342C<br><br>ASSIGNED TO JUDGE HON. EVAN P. KIRVIN<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**<br><br>Trial Date: Tba<br>Date Action Filed: December 2, 2025 |

Defendant CGI FEDERAL INC. ("Defendant") hereby answers the Class Action Complaint ("Complaint") filed on behalf of Plaintiff MANUEL GONZALEZ ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation, statement, and matter and each purported cause of action contained in Plaintiff's Complaint and, without limiting the generality of the foregoing, denies generally and specifically that Plaintiff or any individual he seeks to represent has been damaged in any way by reason of any act or omission of Defendant.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without assuming any burden of production or proof that, pursuant to law, belongs to Plaintiff. Defendant reserves the right to amend this Answer and to assert any additional defenses and affirmative defenses as may become available and apparent during the course of this litigation.

### FIRST DEFENSE

**(Statute of Limitations—All Causes of Action)**

1. The Complaint and each purported cause of action stated therein is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 338 and 340, as well as Business & Professions Code section 17208.

### SECOND DEFENSE

**(Estoppel—All Causes of Action)**

2. The Complaint and each purported cause of action stated therein is barred, in whole or in part, to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action are estopped by their conduct to assert any cause of action against Defendant.

### THIRD DEFENSE

**(Unclean Hands —All Causes of Action)**

3. The Complaint and each purported cause of action stated therein is barred, in whole or in part, by the doctrine of unclean hands.

**FOURTH DEFENSE**

**(Laches—All Causes of Action)**

4. The Complaint and each purported cause of action stated therein is barred, in whole or in part, by the doctrine of laches. Plaintiff exercised inexcusable delay in commencing this action. Additionally, employees are instructed on how to report any alleged improper activity. To the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action failed to report any such alleged conduct, their causes of action are barred by the doctrine of laches.

**FIFTH DEFENSE**

**(Offset and Recoupment—All Causes of Action)**

5. To the extent a court holds that Plaintiff and/or any current or former employees on whose behalf he brought the action are entitled to damages or penalties, which is specifically denied, Defendant is entitled to an offset for any overpayment of wages, forgiveness of debt, and/or other consideration previously provided to Plaintiff or any current or former employees on whose behalf he brought the action. To the extent a court holds that Plaintiff and/or any current or former employees on whose behalf he brought the action are entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff or any current or former employees on whose behalf he brought the action owed to Defendant against any judgment that may be entered against Defendant.

**SIXTH DEFENSE**

**(Consent / Authorization —All Causes of Action)**

6. The Complaint and each purported cause of action stated therein is barred, in whole or in part, to the extent that the alleged conduct of Defendant complained of in the Complaint was approved, consented to, and/or authorized by Plaintiff and/or the current or former employees on whose behalf he brought the action through their actions, omissions, and course of conduct.

///

///

///

///

**SEVENTH DEFENSE**

**(Ratification—All Causes of Action)**

7. The Complaint and each purported cause of action stated therein is barred, in whole or in part, on the ground that Plaintiff and/or any current or former employees on whose behalf he brought the action ratified Defendant's alleged actions.

**EIGHTH DEFENSE**

**(Release—All Causes of Action)**

8. The Complaint and each purported cause of action stated therein is barred, in whole or in part, to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action entered into or are otherwise bound by compromise, settlement or release agreements regarding those claims.

**NINTH DEFENSE**

**(Accord and Satisfaction—All Causes of Action)**

9. The Complaint and each purported cause of action stated therein is barred, in whole or in part, by the doctrine of accord and satisfaction.

**TENTH DEFENSE**

**(Res Judicata and Collateral Estoppel—All Causes of Action)**

10. The Complaint and each purported cause of action stated therein is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel to the extent Plaintiff and/or the current or former employees on whose behalf he brought the action have asserted the same claims in any prior legal or administrative proceeding and did not prevail on such claim.

**ELEVENTH DEFENSE**

**(Failure To Comply with The Employer's Directions—All Causes of Action)**

11. The Complaint and each purported cause of action stated therein is barred, in whole or in part, to the extent that Plaintiff failed to comply with the directions of his employer concerning the service for which he was engaged and such obedience to these directions was neither impossible nor unlawful and would not impose new and unrealistic burdens.

**TWELFTH DEFENSE**

**(Good Faith—All Causes of Action)**

12. The Complaint and each purported cause of action stated therein is barred, in whole or in part, on the ground Plaintiff and any current or former employees on whose behalf he brought the action cannot establish a willful, knowing, and intentional violation of any provision in the California Labor Code or applicable Wage Order because Defendant acted in good faith with reasonable grounds for believing that its actions were lawful.

**THIRTEENTH DEFENSE**

**(Failure to Inform Employer of Alleged Violations – All Causes of Action)**

13. The Complaint and each purported cause of action stated therein is barred, in whole or in part, to the extent Plaintiff did not inform Defendant of any of the violations alleged in the Complaint prior to filing a lawsuit. Plaintiff, therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his claims.

**FOURTEENTH DEFENSE**

**(Derivative Sovereign Immunity – All Causes of Action)**

14. The Complaint and each purported cause of action stated therein is barred, in whole or in part, by the doctrine of derivative sovereign immunity.

**FIFTEENTH DEFENSE**

**(Meal Periods Provided and Rest Periods Authorized and Permitted –Third and Fourth Causes of Action)**

15. At all times relevant to the Complaint, Plaintiff and/or any current or former employees on whose behalf he brought the action were provided meal periods and authorized and permitted to take rest periods in compliance with California law. Their choice not to take meal or rest breaks does not create a violation of the California Labor Code or the Wage Orders.

///

///

///

**SIXTEENTH DEFENSE**

**(Meal Period Waivers – Third Cause of Action)**

16. The Complaint and each purported claim therein alleging a failure to provide meal periods is barred to the extent that Plaintiff and the current or former employees on whose behalf he brought the action voluntarily waived the right to a meal period in accordance with the California Labor Code or the applicable Wage Order.

**SEVENTEENTH DEFENSE**

**(Rest Period Waivers – Fourth Cause of Action)**

17. The Complaint and each purported claim therein alleging a failure to provide rest periods is barred to the extent that Plaintiff and the current or former employees on whose behalf he brought the action voluntarily waived the right to a rest period in accordance with the California Labor Code or the applicable Wage Order.

**EIGHTEENTH DEFENSE**

**(No Knowing and Intentional Injury— Seventh Cause of Action)**

18. Neither Plaintiff nor those persons Plaintiff purports to represent are entitled to recover any penalties for allegedly non-compliant wage statements because no knowing and intentional violation of Labor Code section 226 occurred, and the employees have suffered no injury.

**NINETEENTH DEFENSE**

**(Good Faith Dispute—Seventh and Eighth Cause of Action)**

19. Plaintiffs and those persons Plaintiffs purport to represent by this action are not entitled to Labor Code penalties pursuant to Labor Code sections 201-203 or 226 because a good faith dispute exists as to the monies allegedly owed.

**TWENTIETH DEFENSE**

**(Unavailable Remedies Under the UCL— Ninth Cause of Action)**

20. Plaintiff's UCL cause of actions fail to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claims under the UCL.

**TWENTY-FIRST DEFENSE**

**(Adequate Legal Remedy—Ninth Cause of Action)**

21. Plaintiff's UCL cause of actions fail because he has an adequate remedy at law.

**ADDITIONAL DEFENSES**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, separate defenses and reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by his unverified Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;
3. That Defendant be awarded reasonable attorneys' fees according to proof;
4. That Defendant be awarded the costs of suit incurred herein; and
5. That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.

DATED: February 13, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Bailey Bifoss [signature]

Timothy L. Hix
Bailey K. Bifoss
Niles Pierson
Attorneys for Defendant
CGI FEDERAL INC.

# PROOF OF SERVICE

I am over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, Suite 3100, San Francisco, California 94105. On February 13, 2026**,** I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

☒ **(BY ELECTRONIC TRANSMISSION THROUGH CASE ANYWHERE)** I caused the foregoing document(s) to be sent to the parties listed on the Electronic Service List maintained by Case Anywhere in the manner set forth by the Court; and

☐ **(BY ELECTRONIC COURT FILING SERVICE (COURT APPROVED E-SERVICE PROVIDER)**: Pursuant to Code of Civil Procedure section 1010.6(e)(1), et seq., I personally caused each document listed above to be served by Court-approved Electronic Court Filing Service Provider (__________) by transmitting true and correct copies of each document for electronic service to the addressees listed below at the e-mail addresses listed therein.

☒ **(BY ELECTRONIC TRANSMISSION)** by transmitting the documents(s) listed above, electronically, via the email addresses listed below.

☐ **(BY ELECTRONIC TRANSMISSION)** by transmitting the document(s) listed above, electronically, via Kiteworks, to the email addresses listed below.

Nicholas J. Ferraro
Dorota A. James
Lauren N. Vega
FERRARO VEGA EMPLOYMENT LAWYERS, INC.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
Telephone: (619) 693-7727
Facsimile: (619) 350-6855
nick@ferrarovega.com
dorota@ferrarovega.com
lauren@ferrarovega.com

Attorneys for Plaintiff
MANUEL GONZALEZ

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 13, 2026 at San Francisco, California.

Mayela McArthur