UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL GONZALEZ, on behalf of other similarly situated employees of Defendants,<br><br>Plaintiff,<br><br>v.<br><br>CGI FEDERAL INC., et al.,<br><br>Defendants. | Case No.: 26-cv-01018-AJB-BLM<br><br>**ORDER DENYING JOINT MOTION TO STAY CASE PENDING MEDIATION**<br><br>**(Doc. No. 6)** |

Before the Court is the parties' joint motion to stay the instant action in order "to preserve party and judicial resources as the Parties seek to resolve this case through mediation[.]" (Doc. No. 6.) The parties state that they "have selected Hunter Hughes as the private mediator and have confirmed a mediation date of July 10, 2026." (*Id.* at 3.) To that end, the parties seek to stay this case until September 8, 2026. (*Id.*)

Plaintiff filed the complaint on December 2, 2025, in state court, and Defendants removed the action on February 17, 2026, concurrently filing an answer. (*See* Doc. Nos. 1; 4.) Magistrate Judge Barbara Lynn Major issued an Order setting an Early Neutral Evaluation Conference ("ENE") for March 26, 2026. (Doc. No. 5.) "The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of

26-cv-01018-AJB-BLM

every aspect of the lawsuit in an effort to achieve an early resolution of the case." (*Id.* at 1.) *See also* CivLR 16.1.c.1 ("Within forty-five (45) days of the filing of an answer, counsel and the parties must appear before the assigned judge for an early neutral evaluation conference; this appearance must be made with complete authority to discuss and enter into settlement."). On March 11, 2026, the parties reached an agreement to participate in the July Mediation. (Doc. No. 6-1, Decl. of Nicholas J. Ferraro, ¶ 4.)

In the instant motion, the parties fail to address why vacating the ENE—this district's mandatory early resolution mechanism provided at no cost to the parties—is warranted. Moreover, the possibility of settlement at private mediation in four months-time does not warrant staying the case for six months. Mediation, unlike arbitration, is a non-binding method of dispute resolution that seeks to help litigants voluntarily reach their own agreement. *See, e.g.*, *Jeld-Wen, Inc. v. Superior Ct.*, 146 Cal. App. 4th 536, 540 (2007). There is no guarantee—despite the parties' good intentions—that this action will be resolved by the July Mediation. In the interim, this action will languish on the Court's docket, discovery may grow stale, and the interests of justice and efficiency will be undermined. In fact, if the parties fail to settle at the July Mediation, this action will be approaching a year old with discovery just commencing. As such, a nearly six-month stay is not warranted under the circumstances presented by the parties.

Accordingly, the Court **DENIES without prejudice** the parties' joint motion. The Order setting ENE issued by Judge Major remains in full effect.

**IT IS SO ORDERED.**

Dated:  March 12, 2026

_____
Hon. Anthony J. Battaglia
United States District Judge

2

26-cv-01018-AJB-BLM